IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ROY ALLEN UPTON,                    )
TDCJ #656000,                       )
        Plaintiff,          )
                  )          Civil No. 7:06-CV-142-O
v.                                  )
                  )
WILLIAM GONZALES, *et al.*,          )
        Defendants.          )

MEMORANDUM OPINION AND ORDER

Came on this day to be considered *Defendants Potter, Wilson, Wright, Tome and Comstock's*

*Motion for Summary Judgment* (Doc. #38) and *Plaintiff's Response to Defendants' Motion for*

*Summary Judgment* (Doc. #41), and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James

V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Defendants are employees of the TDCJ. *Complaint ¶ IV.B.*

By Orders entered September 7, 2007, Defendants Joni White, formerly identified as John

Doe, Chief of Classifications in Huntsville, Texas, and William Gonzales were dismissed as parties

to this action. (Docs. #27 & #28). On January 10, 2007, Plaintiff voluntarily dismissed John Doe,

Chief of Classification at the McConnell Unit, as a party to this action. *Plaintiff's Answer to the*

*Court's Question No. 26 (Doc. #8).* Plaintiff's only claim of retaliation was against John Doe at the

McConnell Unit. Therefore, his claim of retaliation is no longer at issue in this case.[1]

---

[1] The Court notes that Defendants have moved for dismissal of Plaintiff's retaliation claim against the grievance investigator, Monna Tome. *Brief in Support of Defendants' Motion for Summary Judgment p. 8.* However, the Court has not found a retaliation claim against Tome in Plaintiff's pleadings.

Plaintiff claims that he was denied medical care and forced to perform work beyond his physical capabilities at the Allred Unit. *Complaint ¶ V; Plaintiff's Brief in Support pp. 11-14.* He seeks monetary damages and injunctive relief. *Complaint ¶ VI.*

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff alleges that he was denied medical care for constant pain in his neck, constant pain in his back, numbness in the buttocks and groin areas, problems with his right knee, blindness in his left eye, visual distortion, headaches and hemorrhoids. *Plaintiff's Answer to the Court's Question No. 1.*

Defendants concede that Plaintiff may have suffered some aggravation to a preexisting back injury, however, they argue that Plaintiff's condition did not pose any serious threat to his health or safety and that Plaintiff was afforded medical attention at the Allred Unit.  A review of the summary judgment evidence submitted by Defendants reflects that Plaintiff did have some medical issues and that he was seen by medical care providers at the Allred Unit each time he submitted a sick call request.  *Defendant's Appendix in Support of their Motion for Summary Judgment pp. 127-129, (hereinafter "Defendants' Appendix pp. ___"), Affidavit of Dr. Timothy Revell.*  The Court has reviewed Plaintiff's medical records.  A summary of his medical records for the time period relevant to the issues in this lawsuit is aptly set forth by Defendants as follows:

On December 2, 2005, Plaintiff submitted an I-60 request for a Peroxicam prescription renewal for back and neck pain and he was advised it was renewed.  Apx. No. 76.  On December 28, 2005, Upton was seen for a restriction evaluation where he indicated that he had a lawsuit pending about his back not being properly treated by TDCJ.  *Id.* at 52.  The medical providers ordered x-rays of his cervical spine, lumbar spine, thoracic spine, and knee.  *Id.*  This note was reviewed and electronically signed by Defendant Wilson.  *Id.*

On or around January 6, 2006, x-rays were ordered for Plaintiff's C-spine, T-spine, L-spine, and right knee sinuses by Defendant Wilson and taken around that same time.  *Id.* at 44.  The x-rays revealed that there were no fractures, dislocation, or sublaxtion of Plaintiff's thoracic and cervical spine.  *Id.* at 45 and 47.  Plaintiff's x-ray of his knee was within normal limits.  *Id.* at 46.  The x-ray of Upton's lumbar spine evidenced his posterial spinal fusion at L4-5 and L5-S1.  *Id.* at 48.  Other than post-surgical changes, Plaintiff's x-rays were otherwise normal.  *Id.* at 128.  On January 13, 2006, Plaintiff was seen as a walk-in patient by Nurse Carolyn Hicks for complaints of right leg and lower back pain.  *Id.* at 42.  He was treated with pain medication and allowed to rest in the medical center.  *Id.*  He was released to security approximately one hour later with no additional complaints and advised medical staff he was feeling better.  *Id.*

On March 30, 2006, Upton was seen for a follow-up on his x-ray of his spine and right knee.  *Id.* at 51.  The x-rays were noted to be essentially normal.  *Id.*  Plaintiff was advised to complete knee exercises for thirty days and to return to the clinic in thirty days.  *Id.*  Defendant Wilson reviewed and electronically signed this exam note.  *Id.*

On April 26, 2006, Plaintiff was seen by Nurse Cherie Josefy for a follow-up appointment for knee, back, and neck pain.  *Id.* at 50.  It was noted that his right knee x-ray was normal,

his L-spine old surgery was stable, and his t-spine and c-spine were essentially normal.  *Id.*
Plaintiff received a large knee sleeve and was advised to continue knee exercises.  *Id.*
Defendant Wilson reviewed and electronically signed this exam note.  *Id.*

Plaintiff completed an I-60 request for a refill on his Peroxicam due to neck, back, and knee
pain and was advised that no refills remained on this prescription.  *Id.* at 69.  The next day
(May 17, 2006), Plaintiff received a musculosketal symptoms examination.  *Id.* at 56-58.
He was complaining of knee, neck, and back pain.  *Id.*  He was found to have a full range
of motion in all extremities, his neck, and his back.  *Id.*  Plaintiff was given pain medication.
*Id.*  This was electronically signed by Defendant Wilson.  *Id.*  Plaintiff failed to show up for
doctor's appointments on May 18, 2006 and May 25, 2006.  *Id.* at 38-39.  On May 31, 2006,
Plaintiff was seen by Nurse Evans for complaints of low back pain.  *Id.* at 49.  He received
a limited exam and was given Feldene.  *Id.*  Defendant Wilson reviewed and electronically
signed this exam note.  *Id.*

With regard to his eye, Plaintiff has received evaluation and treatment for the same.  In May
2006, he completed an I-60 request for renewal of his eye-patch (to expire on May 23, 2006).
*Id.* at 70-71.  He also filed a sick call request on May 2, 2006.  *Id.* at 72.  On May 12, 2006,
he received an eye patch and was seen by Nurse Amber Dorsey.  *Id.* at 40.  Accordingly,
Plaintiff's I-60 and sick call requests were responded to and he received a renewal of his
eye-patch in mid-May.  *Id.*

*Defendants' Brief in Support of Motion for Summary Judgment pp. 18-20.*

The medical records clearly show that Plaintiff was seen, evaluated, and treated multiple

times for the various medical conditions for which he requested treatment.  Tim Revell, M.D.

reviewed Plaintiff's medical records and has submitted an affidavit.  *Defendants' Appendix pp. 127-*

*129.*  Dr. Revell notes that Plaintiff was seen on numerous occasions and that he had multiple work,

housing and activity restrictions based upon his medical condition.  *Id.*  Revell concludes that Upton

received appropriate medical treatment at the Allred Unit.  *Id.*

The summary judgment evidence indicates that Plaintiff was not denied medical care, rather,

he disagrees with the nature of the care provided.  Such a disagreement does not rise to the level of

a constitutional violation.  To the extent, if any, that Plaintiff states a claim for medical negligence,

such a claim does not rise to the level of a constitutional violation.  Plaintiff has presented no

arguments or evidence which could demonstrate that the actions of Defendants violated his constitutional right to medical care.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence

not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that *Defendants' Motion for Summary Judgment* is GRANTED.  Plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Clerk of Court shall transmit copies of this order to Plaintiff and to Counsel for Defendants.

SO ORDERED this 30th day of March, 2009.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**